IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHERYL SHOCKLEY, JUNE SCHINDLER,
TREVOR HILLSTROM, and SARAH HAAS,

              Plaintiffs,                         OPINION and ORDER

   v.                                                     21-cv-434-jdp

CLARITY SERVICES, INC,

              Defendant.

---

CHERYL SHOCKLEY, SARAH HASS,
and KIRK GUSTUM,

              Plaintiffs,                         OPINION and ORDER

   v.                                                     21-cv-444-jdp

CLARITY SERVICES, INC,

              Defendant.

---

In these cases brought under the Fair Credit Reporting Act (FCRA), plaintiffs allege that defendant Clarity Services, Inc., a company that assembles and sells consumer credit information, gave their personal information to payday lenders without their consent. Clarity moves to dismiss both cases, contending that plaintiffs have pleaded themselves out of court by alleging that Clarity relied on the payday lenders' representations that the reports would be used for a permissible purpose under the FCRA. Dkt. 25.[1]

The motions will be granted. Under the FCRA, a consumer reporting agency may furnish a consumer report without the consumer's consent if the agency has reason to believe

---

[1] All docket citations are to case No. 21-cv-434-jdp except where noted.

the recipient intends to use the information for a permissible purpose. *See* 15 U.S.C. § 1681b(a)(3)(A). Plaintiffs allege that the payday lenders promised Clarity that they would only request consumer reports for a permissible purpose. Under those circumstances, Clarity had reason to believe that the lenders intended to use plaintiffs' information lawfully. Because plaintiffs' allegations establish that Clarity did not violate the FCRA, their claims will be dismissed with prejudice.

BACKGROUND

Plaintiffs filed these two lawsuits on the same day in July 2021. In each suit, the plaintiffs assert an FCRA claim and a state-law claim against a payday lender for unlawfully accessing their reports—Simple Fast Loans, Inc., in the '434 case and Integra Credit Two, LLC in the '444 case. Plaintiffs also asserted an FCRA claim against Clarity for unlawfully furnishing their reports to the lenders. Plaintiffs voluntarily dismissed all claims against the lenders, so the FCRA claim against Clarity is the only remaining claim in both cases. The relevant allegations are materially identical in both cases, as are the arguments made on the motions to dismiss.

Under Rule 12(b)(6), a court may dismiss a case if the allegations in the complaint are insufficient to state a claim, *see Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009), or the alleged facts show that plaintiffs have pleaded themselves out of court, *see Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). When considering a motion to dismiss, the court accepts the plaintiffs' plausible factual allegations as true and draws all reasonable inferences in the plaintiffs' favor. *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001).

The court draws the following allegations from plaintiffs' amended complaints. Dkt. 10; *Shockley v. Clarity Services,* No. 21-cv-444-jdp (W.D. Wis), at Dkt. 11.

Clarity Services is a consumer reporting agency that assembles and evaluates consumer credit information, and it charges lenders for access to the reports it creates. Plaintiffs are Wisconsin residents who, during "the past several years," each approached payday lenders looking for credit. Dkt. 10, ¶ 86. In 2021, each plaintiff separately requested a copy of their consumer credit report from Clarity, which Clarity provided. After receiving the reports, plaintiffs learned that Clarity had furnished their credit reports to payday lenders that plaintiffs had never approached. One lender, Simple Fast Loans, accessed plaintiffs' reports a combined 30 times. Another, Integra Credit Two, accessed plaintiffs' reports 23 times. The plaintiffs never applied for credit from either lender. In both suits, plaintiffs allege that Clarity furnished the reports "solely based on [the lender's] promise that it had a permissible purpose to obtain the information" without obtaining written consent from plaintiffs to release their reports. Dkt. 10, ¶ 124; No. 21-cv-444-jdp, at Dkt. 11, ¶ 116.

## ANALYSIS

Section § 1681b of the FCRA provides the circumstances under which a consumer reporting agency may furnish a consumer report to a third party. Under subsection (a)(3), an agency may furnish a report "[t]o a person which it has reason to believe" intends to use the information for one of several enumerated permissible purposes. One such permissible purpose is to "use the credit report in connection with a credit transaction involving the consumer . . . and involving the extension of credit to . . . the consumer." § 1681b(a)(3)(A). A consumer may sue the agency for violating § 1681b if the agency's violation was willful, § 1681n, or negligent,

3

§ 1681o. *See Sarver v. Experian Info. Sols.,* 390 F.3d 969, 971 (7th Cir. 2004) ("the FCRA is not a strict liability statute.").

Clarity contends that plaintiffs have failed to plead that Clarity violated the FCRA and that the alleged violation was negligent or willful. Plaintiffs' allegations establish that Clarity did not violate the FCRA, so the court need not consider whether plaintiffs adequately pleaded that Clarity acted with requisite culpability.

Plaintiffs have alleged facts to show that Clarity had reason to believe that the lenders intended to use the report for a permissible purpose. In this courts' review, no court of appeals has supplied a test for what is sufficient to give an agency "reason to believe" that someone has a permissible purpose to obtain a report. But other district courts have concluded that an agency has reason to believe that a requesting party intends to use a report for a permissible purpose if: (1) the party certified that it would request reports only for a permissible purpose; (2) the party's primary business involved accessing reports for a permissible purpose; and (3) the agency was unaware of any impermissible use by the party. *See Harris v. Database Mgmt. & Mktg.*, 609 F. Supp. 2d 509, 515–16 (D. Md. 2009) (collecting cases); *Hernandez v. Lamboy Furniture, Inc.,* No. 07-00240, 2008 WL 4061344, at *9–10 (E.D. Pa. Aug. 27, 2008); *Hernández-Rivera v. Cooperativa De Ahorro Y Crédito,* 2016 WL 5477576, at *4 (D.P.R. Sept. 29, 2016), *aff'd sub nom. Hernandez-Rivera v. Trans Union, LLC*, No. 16-2269, 2018 WL 5084803 (1st Cir. May 3, 2018).

Not every court expressly applies this test or considers all three elements. For example, in *Abbink v. Experian Info. Sols,* the court concluded that a lenders' representations were alone sufficient to give an agency reason to believe that a report was requested for a permissible purpose. No. SA CV 19-1257-JFW(PJWx), 2019 WL 6838705, at *3 (C.D. Cal. Sept. 20,

4

2019). But Clarity contends that the three-element test is an appropriate standard, Dkt. 26, at 11, and plaintiffs don't propose a different one. So that is the test the court will apply.

Here, plaintiffs allege that each lender represented in its agreements with Clarity that it would request and use consumer reports only for lawful purposes. Dkt. 10, ¶¶ 117, 124. That kind of blanket certification gives an agency reason to believe that a requesting party intends to use the report for a permissible purpose. *See Harris*, 609 F. Supp. 2d at 516; *Boothe v. TRW Credit Data*, 557 F. Supp. 66, 71 (S.D.N.Y. 1982) ("it would be impractical to require [an agency] to verify the purpose for each credit report."). Plaintiffs allege Simple Fast Loans and Integra Credit Two are "engaged in making consumer loans," Dkt. 10, at ¶ 28, and are licensed to make loans to Wisconsin consumers, *id.* at ¶ 35. The only reasonable inference to draw from those allegations is that their primary business purpose is extending credit to consumers, which is a permissible purpose under the FCRA. And plaintiffs allege no facts to suggest that Clarity knew, or should have known, that the lenders intended to use the reports for an impermissible purpose. Under those circumstances, Clarity had reason to believe that the lenders intended to use the reports for a permissible purpose.

Plaintiffs don't dispute this conclusion, and they make no argument why Clarity lacked reason to believe that the lenders had a permissible purpose to use their reports. Instead, plaintiffs provide three other arguments for why they have stated a claim, none of which are persuasive. First, they contend that Clarity's beliefs are not relevant at the pleading stage. They cite *Phillips v. Grendahl*, 312 F.3d 357 (8th Cir. 2002), for the proposition that they need to plead only that Clarity released their reports without a permissible purpose. But *Phillips* is distinguishable. That case concerned a claim for *obtaining* a report under § 1681b(f), not a claim for *furnishing* a report under § 1681b(a). *See Cole v. U.S. Capital*, 389 F.3d 719, 731 n.14 (7th

5

Cir. 2004) (discussing the two types of liability under the statute). Subsection (f) is phrased differently than subsection (a); it prohibits accessing a consumer report without a permissible purpose, without any reference to the user's beliefs. So *Phillips* isn't germane to what's needed to plead a violation under subsection (a).

Plaintiffs don't dispute that whether Clarity violated § 1681b(a) ultimately turns on whether it had reason to believe that the lenders had a permissible purpose to view their reports. Accordingly, plaintiffs would only state a claim if they alleged facts to suggest that Clarity lacked sufficient reason to believe that was the case. *See Bey v. Citibank*, N.A., No. 20 C 5211, 2021 WL 1853231, at *4 (N.D. Ill. May 10, 2021) (dismissing complaint because plaintiff alleged no facts about whether agency had reason to believe recipient had a permissible purpose). But plaintiffs have alleged facts showing that the opposite is true, so their claims must be dismissed. *See Abbink*, 2019 WL 6838705, at *5 n.2.

Second, plaintiffs contend that the lenders did not have a permissible purpose to use their reports. Specifically, plaintiffs allege that they never approached Simple Fast Loans or Integra Credit Two for a loan, so their reports were not used as part of a "credit transaction involving the [plaintiffs]" for the purposes of § 1681b(a)(3)(A). The parties disagree on this point; Clarity contends that the requests "involved" the plaintiffs because they were related to credit applications plaintiffs had made with other lenders. Dkt. 31, at 2. But the court doesn't need to resolve that issue here, because the lenders' actual purpose isn't relevant to Clarity's liability. Whether a report was properly furnished does not depend on how the report was ultimately used. *Henderson v. Corelogic Nat'l Background Data, LLC*, 178 F. Supp. 3d 320, 328 n.7 (E.D. Va. 2016). Clarity could furnish plaintiffs' reports so long as it had reason to believe that the lenders had a permissible purpose to request them.

Third, plaintiffs contend that Clarity violated the FCRA because it released their reports without plaintiffs' written consent. That's not correct. An agency may furnish a consumer report pursuant to the consumer's written instructions. § 1681b(a)(2). But if the agency has reason to believe that the recipient has a permissible purpose, the party's written consent is not required. *See* § 1681b(a)(3); *Harris*, 609 F. Supp. 2d, at 513 (explaining that written consent provides an independent ground to release a report). Accordingly, the FCRA "does not require that consumers expressly approve each request for a report." *Stergiopoulos v. First Midwest Bancorp, Inc.*, 427 F.3d 1043, 1046 (7th Cir. 2005). And because a request for a report does not need to be accompanied by a consumer's written consent, the absence of written consent isn't relevant to whether Clarity had reason to believe that the lenders sought plaintiffs' information for a permissible purpose.[2]

Although a court should ordinarily give plaintiffs leave to amend after granting a motion to dismiss, leave may be denied "it is certain from the face of the complaint that amendment would be futile." *O'Boyle v. Real Time Resolutions, Inc.*, 9210 F.3d 338, 347 (7th Cir 2018) (internal quotation marks omitted). Clarity contends that amendment would be futile because plaintiffs cannot allege any facts consistent with the original complaint that would state a claim for relief. In response, plaintiffs appeal to the general principle that plaintiffs should be given an opportunity to re-plead. Dkt. 30, at 11. Plaintiffs do not respond to Clarity's contention that amendment would be futile, so they've forfeited that argument. *See Alioto v. Town of Lisbon*,

---

[2] Plaintiffs also allege that failing to obtain their consent demonstrates that Clarity's procedures for verifying requests are unreasonable. Dkt. 10, at ¶ 124. But they don't assert a separate claim under § 1681(e) of the FCRA, which governs agency compliance procedures. The parties don't discuss whether plaintiffs state a claim under that section, so the court need not consider the issue here.

651 F.3d 715, 721 (7th Cir. 2011) (affirming dismissal because plaintiff did not "respond[] to the defendants' arguments while explaining why, if the court did not accept his contentions, any dismissal should have been without prejudice.").

The court is persuaded that amendment would be futile here. Plaintiffs contend that Clarity violated the FCRA by releasing their reports "solely based on [the lenders'] promise that [they] had a permissible purpose to obtain the information." Dkt. 10, ¶ 124. But Clarity was not required to verify each individual request from the lenders or obtain the plaintiffs' written consent. All Clarity needed was reason to believe that the lenders would use the information for a permissible purpose. Plaintiffs have pleaded facts to show that Clarity had sufficient reason to believe the lenders had such a purpose. By alleging facts showing that they have no claim, plaintiffs have pleaded themselves out of court. *See McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). Accordingly, the court will dismiss their claims with prejudice.

ORDER

IT IS ORDERED that:

1. Defendant Clarity Service's motion to dismiss in case No. 21-cv-434-jdp, Dkt. 25, is GRANTED. The case is dismissed with prejudice.

2. Defendant's motion to dismiss in case No. 21-cv-444-jdp, Dkt. 29, is GRANTED. The case is dismissed with prejudice.

3. The clerk of court is directed to enter judgment for defendant and close these cases.

Entered July 5, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge